**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

**JACOB VIGIL,**

      **Plaintiff,**

      **vs.**                                                                    **Civ. No. 19-72  LF/KK**

**MARCUS GOLDFINCH,**

      **Defendant.**

**ORDER QUASHING ORDER TO SHOW CAUSE AND
TO FILE A MOTION FOR SERVICE OR SHOW GOOD CAUSE WHY
<u>THIS CASE SHOULD NOT BE DISMISSED WITHOUT PREJUDICE</u>**

**THIS MATTER** is before the Court on Plaintiff's Response (Doc. 9) to the Court's

Order to Show Cause that was entered on September 6, 2019 (Doc. 7).  The Response was timely

filed on September 13, 2019 and, together with the Amended Complaint that Plaintiff filed that

same day (Doc. 8), partially addresses the concern raised in the Court's Order to Show Cause. In

his Amended Complaint, Plaintiff identifies by name the party he is suing for trademark

infringement. (Doc. 8 at 1.) He alleges that "Defendants [sic] have used Domain Protection

Services, Inc. for the registration of the infringing domain names in an attempt to conceal their

identity" and states that he "must conduct preliminary discovery on Domain Protection Services,

Inc." in order to discover Defendant's "true" identity and contact information. (Doc. 8 at ¶¶ 24-

26.) In his Response, Plaintiff explains that Defendant's "home address is not known to me" and

states that "[t]he web domain registrars will not turn over the information regarding the

Defendant's address to me but they will respond to a court[-]ordered subpoena." (Doc. 9.)

The Court notes that the Tenth Circuit has explained that it "furthers an important

governmental interest in conserving scarce judicial resources to place the onus squarely on

plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging the courts to assist in this endeavor[.]" *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013) (unpublished). The onus is—and has been—on Plaintiff to provide the Court with a current address for serving process on Defendant. Plaintiff's case has, indeed, been subject to possible dismissal without prejudice for nearly half a year based on Plaintiff's failure to effectuate service on Defendant. *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff— must dismiss the action without prejudice against that defendant or order that service be made within a specified time."). To the extent Plaintiff's Amended Complaint and Response can be construed as including a request for leave to conduct early discovery for the purpose of learning Defendant's address in order to effectuate service of process, the Court declines to consider such a request in the absence of a separate motion explaining why Plaintiff should be entitled to expedited discovery in light of the foregoing.

Because Plaintiff timely responded to the Court's Order to Show Cause and took the step of filing his Amended Complaint, the Court **FINDS** that Plaintiff substantially complied with its Order to Show Cause and the Order to Show Cause (Doc. 7) is accordingly **QUASHED**.

In order to reduce further delay, **IT IS ORDERED** that on or before December 12, 2019, Plaintiff must file a motion for service in which he provides the Court with a current address for serving process on Defendant or show good cause why his claims against Defendant should not be dismissed without prejudice. Failure to comply with this Order may result in dismissal of Plaintiff's case without further notice.

**IT IS SO ORDERED.**

_____
KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE