IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACOB VIGIL,

       Plaintiff,

   vs.                                    Civ. No. 19-72  LF/KK

MARCUS GOLDFINCH,

       Defendant.

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF'S REQUEST FOR EXTENSION OF TIME WITHIN
WHICH TO SERVE SUMMONS AND COMPLAINT**

**THIS MATTER** is before the Court on Plaintiff's Request for Extension of Time Within Which to Serve Summons and Complaint[1] ("Request") (Doc. 11), which was filed in response to the Court's Order Quashing Order to Show Cause and to File a Motion to Serve or Show Good Cause Why This Case Should Not Be Dismissed Without Prejudice that was entered on October 23, 2019 and that ordered Plaintiff to file his motion for service or show good cause why his claims should not be dismissed by December 12, 2019. (Doc. 10.) For the following reasons, the Court **FINDS** that Plaintiff's Request should be **GRANTED IN PART** and **DENIED IN PART**.

Plaintiff filed this action, along with a Motion to Proceed *in forma pauperis*, on January 25, 2019.  (Docs. 1, 2.)  On January 28, 2019, the Court entered a Memorandum Opinion and Order ("Order") granting Plaintiff's Motion. (Doc. 4.) In its Order, the Court noted that it "will

---

[1] The Court notes that Plaintiff, who is proceeding *pro se*, submitted his Request via facsimile rather than in accordance with the Court's Local Rule regarding filing, which provides that "[i]n cases where e-filing is not required under rule 5.1, an original and two copies of a paper . . . must be filed with the Clerk." D.N.M.LR-Civ. 5.2. Plaintiff must follow the same rules of procedure that govern other litigants, including this Court's Local Rules. *See Green v. Dorrell*, 969 F.2d 915, 916, 917 (10th Cir. 1992) (stating that *pro se* litigants "must follow the same rules of procedure that govern other litigants" and affirming the district court's dismissal of an action based on the *pro se* plaintiff's failure to comply with a local rule). Failure to do so will result in exposure to possible sanctions.

not order service of Summons and Complaint on Defendant at this time because Plaintiff has not provided the Court with Defendant's name and address." (Doc. 4 at 2.) The Court further noted that it "will order service if Plaintiff files a motion for service which provides Defendant's name and address." (Doc. 4 at 2.)

On September 6, 2019, the Court issued an Order to Show Cause (Doc. 7) why the Court should not dismiss Plaintiff's case due to Plaintiff's failure to file a motion for service of process or otherwise take steps to move his case forward for a period of more than ninety days. *See* D.N.M.LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward."). Plaintiff filed a timely Response (Doc. 9) that, together with the Amended Complaint he filed (Doc. 8), partially addressed the concern raised in the Court's Order to Show Cause. In his Amended Complaint, Plaintiff identified by name the party he is suing for trademark infringement. (Doc. 8 at 1.) He alleged that "Defendants [sic] have used Domain Protection Services, Inc. for the registration of the infringing domain names in an attempt to conceal their identity" and stated that he "must conduct preliminary discovery on Domain Protection Services, Inc." in order to discover Defendant's "true" identity and contact information. (Doc. 8 at ¶¶ 24-26.) In his Response, Plaintiff explained that Defendant's "home address is not known to me" and stated that "[t]he web domain registrars will not turn over the information regarding the Defendant's address to me but they will respond to a court[-]ordered subpoena." (Doc. 9.) Finding that Plaintiff substantially complied with its Order to Show Cause, the Court quashed the order. (Doc. 10.) However, the Court declined to consider Plaintiff's request for leave to conduct early discovery and ordered that "on or before December 12, 2019, Plaintiff must file a motion for service in which he provides the Court with a current address for serving process on Defendant or show good cause why his claims against Defendant should not be dismissed without prejudice." (Id.) *See* Fed. R. Civ. P. 4(m) ("If a defendant is not served

within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time.").

On December 12, 2019, Plaintiff filed his Request, in which he seeks a thirty-day extension of time to effectuate service of process. (Doc. 11.) In support thereof, Plaintiff states,

"Plaintiff is seeking leave of this Honorable Court to extend the time within which to effectuate service of process of the Summons and Complaint on Defendant.

"Plaintiff was unable to personally serve the Defendant with the Summons and Complaint and therefore requests the court to enter an Order for Service by Publication.

"Plaintiff also now requests extension of time within which to effectuate service of process of the Summons and Complaint on defendant for a period of thirty (30) days for completion of publication of the Summons."

(Id. at 1-2.) Plaintiff provides no other explanation in support of his Request.

As the Court noted in its Order Quashing Order to Show Cause, the Tenth Circuit has explained that it "furthers an important governmental interest in conserving scarce judicial resources to place the onus squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging the courts to assist in this endeavor[.]" *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013) (unpublished). The Court further notes that service by publication, while allowed, is disfavored and may only be authorized in conformance with specific requirements set forth under New Mexico law. *See* Fed. R. Civ. P. 4(e)(1) (providing that service may be made "by following state law for serving a summons"); N.M. R. Civ. P. 1-004(J),(K) (providing that service may be made by publication only with court

approval "[u]pon motion . . . and showing by affidavit that service cannot reasonably be made as provided by this rule" and pursuant to the requirements set forth in N.M. R. Civ. P. 1-004(K)). Plaintiff has plainly not met the requirements for service by publication.

**IT IS THEREFORE ORDERED** that Plaintiff's request for an Order for Service by Publication is DENIED.

**IT IS FURTHER ORDERED** that within thirty (30) days of the entry of this order, Plaintiff must either serve the Complaint himself, file a motion for service in which he provides the Court with a current address for Defendant, or show cause why his claims should not be dismissed without prejudice. The Court will not entertain further requested extensions that are as uninformative as Plaintiff's Request and that fail to set forth specific reasons establishing good cause why his Complaint should not be dismissed without prejudice. Failure to comply with this Order may result in dismissal of Plaintiff's case without further notice.

**IT IS SO ORDERED.**

KIRTAN KHALSA
UNITED STATES MAGISTRATE JUDGE