IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JACOB VIGIL,

    Plaintiff,

vs.                                          Civ. No. 19-72 JB/KK

MARCUS GOLDFINCH,

    Defendant.

## MAGISTRATE JUDGE'S PROPOSED FINDINGS
## AND RECOMMENDED DISPOSITION

**THIS MATTER** is before the Court *sua sponte* upon its review of the record. By an Order of Reference filed February 11, 2020 (Doc. 14), the presiding judge referred this matter to the undersigned to conduct hearings as warranted, and to perform any legal analysis required to recommend an ultimate disposition of this case. For the following reasons, the undersigned **RECOMMENDS** that this case be **DISMISSED WITHOUT PREJUDICE**.

### I.     BACKGROUND

On January 25, 2019, Plaintiff filed his Complaint for Damages and Injunctive Relief ("Complaint") (Doc. 1) against "John Doe," as well as a Motion to Proceed *in forma pauperis* ("IFP Motion") (Doc. 2). On January 28, 2019, the Court entered a Memorandum Opinion and Order granting Plaintiff's IFP Motion but stating that it "will not order service of Summons and Complaint on Defendant at this time because Plaintiff has not provided the Court with Defendant's name and address." (Doc. 4 at 2.) The Court further noted that it "will order service if Plaintiff files a motion for service which provides Defendant's name and address." (Id.)

On September 6, 2019, the Court issued an Order to Show Cause (Doc. 7) why the Court should not dismiss Plaintiff's case due to Plaintiff's failure to file a motion for service of process

or otherwise take steps to move his case forward for a period of more than ninety days. *See* D.N.M.LR-Civ. 41.1 ("A civil action may be dismissed if, for a period of ninety (90) days, no steps are taken to move the case forward."). Plaintiff filed a timely Response (Doc. 9) that, together with the Amended Complaint he filed (Doc. 8), partially addressed the concern raised in the Court's Order to Show Cause. In his Amended Complaint, Plaintiff identified by name the party he is suing for trademark infringement. (Doc. 8 at 1.) He alleged that "Defendants [sic] have used Domain Protection Services, Inc. for the registration of the infringing domain names in an attempt to conceal their identity" and stated that he "must conduct preliminary discovery on Domain Protection Services, Inc." in order to discover Defendant's "true" identity and contact information. (Doc. 8 at ¶¶ 24-26.) In his Response, Plaintiff explained that Defendant's "home address is not known to me" and stated that "[t]he web domain registrars will not turn over the information regarding the Defendant's address to me but they will respond to a court[-]ordered subpoena." (Doc. 9.) Finding that Plaintiff substantially complied with its Order to Show Cause, the Court quashed the order on October 23, 2019. (Doc. 10.) However, the Court "decline[d] to consider [Plaintiff's request for leave to conduct early discovery] in the absence of a separate motion explaining why Plaintiff should be entitled to expedited discovery." (Id.) Plaintiff has filed no motion seeking discovery. Finally, on October 23, 2019, the Court ordered that "on or before December 12, 2019, Plaintiff must file a motion for service in which he provides the Court with a current address for serving process on Defendant or show good cause why his claims against Defendant should not be dismissed without prejudice." (Id.)

On December 12, 2019, Plaintiff filed a Request for Extension of Time Within Which to Serve Summons and Complaint in which he sought a thirty-day extension of time to effect service of process by publication. (Doc. 11.) On December 23, 2019, the Court denied Plaintiff's request

for an order for service by publication[1] but granted Plaintiff's request for an extension of time, ordering that "within thirty (30) days of the entry of this order, Plaintiff must either serve the Complaint himself, file a motion for service in which he provides the Court with a current address for Defendant, or show cause why his claims should not be dismissed without prejudice." (Doc. 12 at 4.) The Court warned Plaintiff that "[f]ailure to comply with this Order may result in dismissal of Plaintiff's case without further notice." (Id.) As of the date of this writing, Plaintiff has neither demonstrated that he has served Defendant nor filed a motion for service of process. Plaintiff has also filed no pleading showing cause why his claims should not be dismissed.

## II. APPLICABLE LAW

Under Federal Rule of Civil Procedure 4, a plaintiff must serve a summons and a copy of the complaint within ninety days of filing the complaint. *See* Fed. R. Civ. P. (4)(c)(1),(m). "Pro se parties must comply with the same rules for service of process that govern other litigants." *Staples v. United States*, 762 F. App'x 525, 530 (10th Cir. 2019). "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m).

Federal Rule of Civil Procedure 41 provides that "[i]f the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it." Fed. R. Civ. P. 41(b). "Although the language of Rule 41(b) requires that the defendant

---

[1] The Court noted that the Tenth Circuit has explained that it "furthers an important governmental interest in conserving scarce judicial resources to place the onus squarely on plaintiffs to track down the whereabouts of defendants to effectuate service—rather than obliging the courts to assist in this endeavor[.]" *Washington v. Correia*, 546 F. App'x 786, 789 (10th Cir. 2013) (unpublished). The Court further noted that service by publication, while allowed, is disfavored and may only be authorized in conformance with specific requirements set forth under New Mexico law. *See* Fed. R. Civ. P. 4(e)(1) (providing that service may be made "by following state law for serving a summons"); N.M. R. Civ. P. 1-004(J),(K) (providing that service may be made by publication only with court approval "[u]pon motion . . . and showing by affidavit that service cannot reasonably be made as provided by this rule" and pursuant to the requirements set forth in N.M. R. Civ. P. 1-004(K)). The Court then found that Plaintiff had not met the requirements for service by publication. (Doc. 12 at 3-4.)

3

file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders." *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962)). "The authority of a court to dismiss sua sponte for lack of prosecution has generally been considered an 'inherent power' governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link*, 370 U.S. at 630-31.

## III. ANALYSIS

Plaintiff filed his Complaint 383 days ago and has yet to demonstrate compliance with his obligation to effect service on Defendant despite being permitted numerous extensions of time within which to do so. It has been more than three months since the Court specifically ordered Plaintiff to file a motion to serve Defendant and provide a current address for serving process on Defendant. (*See* Doc. 10.) It has been two months since Plaintiff requested a 30-day extension for serving process (Doc. 11), 51 days since the Court ordered Plaintiff to effect service, file a motion for service, or show cause (Doc. 12), and nearly three weeks since Plaintiff's deadline to comply with the Court's order passed. Based on Plaintiff's failures to (1) timely effect service of process on Defendant, (2) comply with this Court's order of December 23, 2019, and (3) show cause why his claims should not be dismissed, the Court recommends that Plaintiff's action be dismissed without prejudice.

## IV. RECOMMENDATION

Based on the foregoing, the Court recommends that Plaintiff's action be **DISMISSED WITHOUT PREJUDICE**.

_____
**KIRTAN KHALSA**
**United States Magistrate Judge**

> **THE PARTIES ARE NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**