# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

JACOB VIGIL,

      Plaintiff,

vs.                                                                                        No. CIV 19-0072 JB/KK

MARCUS GOLDFINCH,

      Defendant.

## MEMORANDUM OPINION AND ORDER ADOPTING THE MAGISTRATE JUDGE'S PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

**THIS MATTER** comes before the Court on the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 12, 2020 (Doc. 16)("PFRD"). The PFRD notifies the parties of their ability to file objections within fourteen days and that the failure to file objections waives appellate review. See PFRD at 5. The parties had until March 2, 2020, at the latest, to file any objections to the PFRD.[1] See PFRD at 5. To date, the parties have not filed any objections.

## LAW REGARDING OBJECTIONS TO PROPOSED FINDINGS AND RECOMMENDATIONS

District courts may refer dispositive motions to a Magistrate Judge for a recommended disposition. See Fed. R. Civ. P. 72(b)(1) ("A magistrate judge must promptly conduct the required proceedings when assigned, without the parties' consent, to hear a pretrial matter dispositive of a claim or defense or a prisoner petition challenging the conditions of confinement."). Rule 72(b)(2)

---

[1]Objections were due within fourteen days of the PFRD's service, with three additional days allowed to Plaintiff Jacob Vigil because he was served by mail. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(d). Seventeen days after February 12, 2020, fell on a Saturday, and Vigil's objections therefore were due on Monday, March 2, 2020, the next business day. See Fed. R. Civ. P. 6(a)(1)(C).

of the Federal Rules of Civil Procedure governs objections: "Within 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). Finally, when resolving objections to a Magistrate Judge's proposal, "[t]he district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3). Similarly, 28 U.S.C. § 636 provides:

> A judge of the court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge may also receive further evidence or recommit the matter to the magistrate judge with instructions.

28 U.S.C. § 636(b)(1)(C).

"The filing of objections to a magistrate's report enables the district judge to focus attention on those issues -- factual and legal -- that are at the heart of the parties' dispute." United States v. One Parcel of Real Property, With Buildings, Appurtenances, Improvements, and Contents, Known As: 2121 East 30th Street, Tulsa, Okla., 73 F.3d 1057, 1059 (10th Cir. 1996)("One Parcel") (quoting Thomas v. Arn, 474 U.S. 140, 147 (1985)). As the United States Court of Appeals for the Tenth Circuit has noted, "the filing of objections advances the interests that underlie the Magistrate's Act,[2] including judicial efficiency." One Parcel, 73 F.3d at 1059 (citing Niehaus v. Kan. Bar Ass'n, 793 F.2d 1159, 1165 (10th Cir. 1986); United States v. Walters, 638 F.2d 947, 950 (6th Cir. 1981)).

---

[2]Congress enacted the Federal Magistrates Act, 28 U.S.C. §§ 631-39, in 1968.

The Tenth Circuit has held "that a party's objections to the magistrate judge's report and recommendation must be both timely and specific to preserve an issue for de novo review by the district court or for appellate review." One Parcel, 73 F.3d at 1060. "To further advance the policies behind the Magistrate's Act, [the Tenth Circuit], like numerous other circuits, ha[s] adopted 'a firm waiver rule' that 'provides that the failure to make timely objections to the magistrate's findings or recommendations waives appellate review of both factual and legal questions.'" One Parcel, 73 F.3d at 1059 (quoting Moore v. United States, 950 F.2d 656, 659 (10th Cir. 1991)). "[O]nly an objection that is sufficiently specific to focus the district court's attention on the factual and legal issues that are truly in dispute will advance the policies behind the Magistrate's Act." One Parcel, 73 F.3d at 1060. In addition to requiring specificity in objections, the Tenth Circuit has stated that "[i]ssues raised for the first time in objections to the magistrate judge's recommendation are deemed waived." Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996). See United States v. Garfinkle, 261 F.3d 1030, 1030-31 (10th Cir. 2001)("In this circuit, theories raised for the first time in objections to the magistrate judge's report are deemed waived."). In an unpublished opinion, the Tenth Circuit stated that "the district court correctly held that [a petitioner] had waived [an] argument by failing to raise it before the magistrate." Pevehouse v. Scibana, 229 F. App'x 795, 796 (10th Cir. 2007)(unpublished).[3]

---

[3]Pevehouse v. Scibana is an unpublished opinion, but the Court can rely on an unpublished opinion to the extent its reasoned analysis is persuasive in the case before it. See 10th Cir. R. 32.1(A) ("Unpublished decisions are not precedential, but may be cited for their persuasive value."). The Tenth Circuit has stated:

> In this circuit, unpublished orders are not binding precedent, . . . and we have generally determined that citation to unpublished opinions is not favored. However, if an unpublished opinion or order and judgment has persuasive value with respect to a material issue in a case and would assist the court in its disposition, we allow a citation to that decision.

In One Parcel, the Tenth Circuit, in accord with other Courts of Appeals, expanded the waiver rule to cover objections that are timely but too general. See One Parcel, 73 F.3d at 1060. The Supreme Court of the United States -- in the course of approving the United States Court of Appeals for the Sixth Circuit's use of the waiver rule -- has noted:

> It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings. The House and Senate Reports accompanying the 1976 amendments do not expressly consider what sort of review the district court should perform when no party objects to the magistrate's report. *See* S. Rep. No. 94-625, pp. 9-10 (1976)(hereinafter Senate Report); H.R. Rep. No. 94-1609, p. 11 (1976), U.S. Code Cong. & Admin. News 1976, p. 6162 (hereinafter House Report). There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers appropriate. Moreover, the Subcommittee that drafted and held hearings on the 1976 amendments had before it the guidelines of the Administrative Office of the United States Courts concerning the efficient use of magistrates. Those guidelines recommended to the district courts that "[w]here a magistrate makes a finding or ruling on a motion or an issue, his determination should become that of the district court, unless specific objection is filed within a reasonable time." *See* Jurisdiction of United States Magistrates, Hearings on S. 1283 before the Subcommittee on Improvements in Judicial Machinery of the Senate Committee on the Judiciary, 94th Cong., 1st Sess., 24 (1975) (emphasis added) (hereinafter Senate Hearings). The Committee also heard Judge [Charles] Metzner of the Southern District of New York, the chairman of a Judicial Conference Committee on the administration of the magistrate system, testify that he personally followed that practice. *See id.* at 11 ("If any objections come in, . . . I review [the record] and decide it. If no objections come in, I merely sign the magistrate's order."). The Judicial Conference of the United States, which supported the de novo standard of review eventually incorporated in § 636(b)(1)(C), opined that in most instances no party would object to the magistrate's recommendation, and the litigation would terminate with the judge's adoption of the magistrate's report. *See* Senate Hearings, at 35, 37. Congress apparently assumed, therefore, that any party who was dissatisfied for any reason with the magistrate's report would file objections, and those objections would trigger district court review. There is no indication that Congress, in enacting

---

United States v. Austin, 426 F.3d 1266, 1274 (10th Cir. 2005). The Court concludes that Pevehouse v. Scibana has persuasive value with respect to a material issue, and will assist the Court in its disposition of this Memorandum Opinion and Order.

> § 636(b)(1)(C)), intended to require a district judge to review a magistrate's report to which no objections are filed. It did not preclude treating the failure to object as a procedural default, waiving the right to further consideration of any sort. We thus find nothing in the statute or the legislative history that convinces us that Congress intended to forbid a rule such as the one adopted by the Sixth Circuit.

Thomas v. Arn, 474 U.S. at 150-52 (footnotes omitted).

The Tenth Circuit has also noted, "however, that '[t]he waiver rule as a procedural bar need not be applied when the interests of justice so dictate.'" One Parcel, 73 F.3d at 1060 (quoting Moore v. United States, 950 F.2d at 659 ("We join those circuits that have declined to apply the waiver rule to a pro se litigant's failure to object when the magistrate's order does not apprise the pro se litigant of the consequences of a failure to object to findings and recommendations." (citations omitted)). Cf. Thomas v. Arn, 474 U.S. at 154 ("Any party that desires plenary consideration by the Article III judge of any issue need only ask. [A failure to object] does not preclude further review by the district judge, *sua sponte* or at the request of a party, under a de novo or any other standard."). In One Parcel, the Tenth Circuit noted that the district judge had decided sua sponte to conduct a de novo review despite the lack of specificity in the objections, but the Tenth Circuit held that it would deem the issues waived on appeal because it would advance the interests underlying the waiver rule. See 73 F.3d at 1060-61 (citing cases from other Courts of Appeals where district courts elected to address merits despite potential application of waiver rule, but Courts of Appeals opted to enforce waiver rule).

Where a party files timely and specific objections to the Magistrate Judge's proposed findings and recommendation, "on . . . dispositive motions, the statute calls for a de novo determination, not a de novo hearing." United States v. Raddatz, 447 U.S. 667, 674 (1980). The Tenth Circuit has stated that a de novo determination, pursuant to 28 U.S.C. § 636(b), "requires the district court to consider relevant evidence of record and not merely review the magistrate

judge's recommendation." Griego v. Padilla (In re Griego), 64 F.3d 580, 583-84 (10th Cir. 1995). The Supreme Court has noted that, although a district court must make a de novo determination of the objections to recommendations under 28 U.S.C. § 636(b)(1), the district court is not precluded from relying on the Magistrate Judge's proposed findings and recommendations. See United States v. Raddatz, 447 U.S. at 676 ("[I]n providing for a 'de novo determination' rather than de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations." (quoting 28 U.S.C. § 636(b)(1)); Bratcher v. Bray-Doyle Indep. Sch. Dist. No. 42 of Stephens Cty., 8 F.3d 722, 724-25 (10th Cir. 1993)(holding that the district court's adoption of the Magistrate Judge's "particular reasonable-hour estimates" is consistent with a de novo determination, because "the district court 'may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate,' . . . [as] 'Congress intended to permit whatever reliance a district judge, in the exercise of sound judicial discretion, chose to place on a magistrate's proposed findings and recommendations.'" (quoting 28 U.S.C. § 636(b)(1); United States v. Raddatz, 447 U.S. at 676 (emphasis omitted)).

Where no party objects to the Magistrate Judge's PFRD, the Court has, as a matter of course in the past and in the interests of justice, reviewed the Magistrate Judge's recommendations. In Workheiser v. City of Clovis, No. CIV 12-0485 JB/GBW, 2012 WL 6846401 (D.N.M. Dec. 28, 2012)(Browning, J.), where the plaintiff failed to respond to the Magistrate Judge's proposed findings and recommended disposition, although the Court determined that the plaintiff waived his opportunity for the Court to conduct review of the factual and legal findings in the PFRD, the Court nevertheless conducted such a review. See 2012 WL 6846401, at *3. The Court generally does not, however, review the Magistrate Judge's PFRD de novo and determine independently

necessarily what it would do if the issues had come before the Court first, but rather adopts the PFRD where "[t]he Court cannot say that the Magistrate Judge's recommendation . . . is clearly erroneous, arbitrary, [obviously]⁴ contrary to law, or an abuse of discretion." Workheiser v. City of Clovis, 2012 WL 6846401, at *3. This review, which is deferential to the Magistrate Judge's work when there is no objection, nonetheless provides some review in the interest of justice and seems more consistent with the intent of the waiver rule than no review at all or a full-fledged review. Accordingly, the Court considers this standard of review appropriate. See Thomas v. Arn, 474 U.S. at 151 ("There is nothing in those Reports, however, that demonstrates an intent to require the district court to give any more consideration to the magistrate's report than the court considers

---

⁴The Court previously used as the standard for review when a party does not object to the Magistrate Judge's PFRD whether the recommendation was "clearly erroneous, arbitrary, contrary to law, or an abuse of discretion," thus omitting "obviously" in front of contrary to law. Solomon v. Holder, No. CIV 12-1039 JB/LAM, 2013 WL 499300, at *4 (D.N.M. Jan. 31, 2013)(Browning, J.) (adopting the recommendation to which there was no objection, stating: "The Court determines that the PFRD is not clearly erroneous, arbitrary, contrary to law, or an abuse of discretion, and accordingly adopts the recommendations therein."); O'Neill v. Jaramillo, No. CIV 11-0858 JB/GBW, 2013 WL 499521 (D.N.M. Jan. 31, 2013) (Browning, J.)("Having reviewed the PRFD under that standard, the Court cannot say that the Magistrate Judge's recommendation is clearly erroneous, arbitrary, contrary to law, or an abuse of discretion. The Court thus adopts [Magistrate] Judge Wormuth's PFRD." (citing Workheiser v. City of Clovis, 2012 WL 6846401, at *3)); Galloway v. JP Morgan Chase & Co., No. CIV 12-0625 JB/RHS, 2013 WL 503744 (D.N.M. Jan. 31, 2013)(Browning, J.)(adopting the Magistrate Judge's recommendations upon determining that they were not "clearly contrary to law, or an abuse of discretion."). The Court does not believe that "contrary to law" accurately reflects the deferential standard of review that the Court intends to use when there is no objection. Concluding that a Magistrate Judge's recommendation is contrary to law would require the Court to analyze the Magistrate Judge's application of law to the facts or the Magistrate Judge's delineation of the facts -- in other words performing a de novo review, which is required when a party objects to the recommendations only. The Court concludes that adding "obviously" better reflects that the Court is not performing a de novo review of the Magistrate Judges' recommendations. Going forward, therefore, the Court will, as it has done for some time now, review Magistrate Judges' recommendations to which there are no objections for whether the recommendations are clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion.

appropriate."). The Court is reluctant to have no review at all if its name is going to go at the bottom of the order adopting the Magistrate Judge's proposed findings and recommendations.

## **ANALYSIS**

The Court has carefully reviewed the PFRD and the relevant pleadings, including Plaintiff's Amended Complaint, filed September 13, 2019 (Doc. 8), Plaintiff's Motion for Extension of Time Within Which to Serve Summons and Complaint, filed December 12, 2019 (Doc. 11), and the orders that the Honorable Kirtan Khalsa, United States Magistrate Judge for the District of New Mexico, previously entered. See Memorandum Opinion and Order, filed January 28, 2019 (Doc. 4); Order to Show Cause, filed September 6, 2019 (Doc. 7); Order Quashing Order to Show Cause and to File a Motion for Service or Show Good Cause Why This Case Should Not Be Dismissed Without Prejudice, filed October 23, 2019 (Doc. 10); Order Granting in Part and Denying in Part Plaintiff's Request for Extension of Time Within Which to Serve Summons and Complaint, filed December 23, 2019 (Doc. 12). The Court did not review the PFRD de novo, because the parties have not objected to it,[5] but rather reviewed Judge Khalsa's PFRD to determine if it is clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. The Court

---

[5]The Court notes that, despite the Magistrate Judge Khalsa's express warning to Vigil that it does not accept filings via facsimile and that he is required to follow the same rules of procedure which govern other litigants, see Order Granting in Part and Denying in Part Plaintiff's Request for Extension of Time Within Which to Serve Summons and Complaint at 1 n.1, filed December 23, 2019 (Doc. 12), Vigil faxed a "Motion for Extension of Time" to the Clerk of Court on February 26, 2020. See Motion for Extension of Time, filed February 27, 2020 (Doc. 17)("Motion"). The Court has reviewed the Motion and concludes that it does not contain any objections to Judge Khalsa's PFRD. The Motion does not mention Judge Khalsa's PFRD, much less make any specific objection to any factual or legal issue it addresses. Motion at 2. Nor does it request an extension of time to file objections. Rather, Plaintiff's facsimile contains another request for an extension of time to serve the Complaint for Damages and Injunctive Relief, filed January 25, 2019 (Doc. 1).

determines that the PFRD is not clearly erroneous, arbitrary, obviously contrary to law, or an abuse of discretion. Accordingly, the Court will adopt the PFRD.

**IT IS ORDERED** that: (i) the Magistrate Judge's Proposed Findings and Recommended Disposition, filed February 12, 2020 (Doc. 16), is adopted; and (ii) the Plaintiff's Amended Complaint, filed September 13, 2019 (Doc. 8), is dismissed without prejudice.

_____
UNITED STATES DISTRICT JUDGE

*Parties:*

Jacob Vigil
Albuquerque, New Mexico

    *Plaintiff pro se*